**PCS SALES (USA), INC., Plaintiff–Counter–Defendant–Appellee,**

v.

**NITROCHEM DISTRIBUTION LTD., Defendant–Counterclaimant–Appellant.**

**No. 04–3135.**

United States Court of Appeals, Second Circuit.

April 19, 2005.

John J. Sullivan, Hill Rivkins & Hayden, LLP, New York, NY, for Defendant–Counterclaimant–Appellant.

Lawrence S. Hirsh, Thelen Reid & Priest, LLP (Michael Evan Jaffe and Gerald Zingone, on the brief), New York, N.Y. and Washington, DC, for Plaintiff–Counter–Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Circuit Judges, and Hon. JANET C. HALL, District Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant–Counterclaimant–Appellant Nitrochem Distribution Ltd. ("Nitrochem") appeals from the May 3, 2004 order of the district court (Scheindlin, *J.*) awarding judgment to Plaintiff–Counter–Defendant–Appellee PCS Sales (USA), Inc. ("PCS") after a bench trial. On appeal, Nitrochem

---

\* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

contends that the district court erred in holding that an "evergreen" clause,[1] which appeared in the parties'-unsigned contract drafts, was not binding on PCS. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

In an appeal from a district court's decision following a bench trial, we review the district court's legal conclusions *de novo*, and its findings of fact for clear error. *See, e.g., United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996). A finding of fact is clearly erroneous when " 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Alcan Aluminum Corp.*, 315 F.3d 179, 186 (2d Cir.2003) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). A district court's findings with respect to the intent of contracting parties are findings of fact, subject to clear error review. *See, e.g., Marine Transp. Lines, Inc. v. Int'l Org. of Masters, Mates & Pilots*, 878 F.2d 41, 44–45 (2d Cir.1989).

In this case, the district court concluded as a matter of fact that the parties' conduct throughout 2001 was pursuant to an *independent* informal oral agreement that was entered into by the parties in late 2000. The district court further found that the parties never reached final agreement on—and as such, never considered themselves bound by—the terms of the *written* 2001 contract that they were in the process of negotiating. Although there is evidence in the record that runs counter to these findings, the findings are supported by other persuasive evidence, and are not clearly erroneous. *See Puritan Ins. Co. v. Eagle S.S. Co. S.A.*, 779 F.2d 866, 871 (2d Cir.1985).

Given the district court's findings, we conclude that Nitrochem's argument—that the "evergreen clause" included in the written contract drafts was binding on PCS—is meritless. The draft contracts exchanged by the parties throughout 2001 were *not* a mere commemoration of the oral "deal" that the parties were in the process of performing. *Cf. V'Soske v. Barwick*, 404 F.2d 495, 499–500 (2d Cir.1968) (finding the parties to be contractually bound, despite their failure to execute a formal written contract, where unexecuted contract drafts were simply a formalization of a previously reached "deal"). Instead, those drafts related to a different "deal," which the parties never finalized. It follows that the parties never became bound by the terms of this later "deal," including the evergreen clause.

We have considered all of Nitrochem's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.

---

1. The clause at issue indicated that "The term of this contract shall commence as of January 1, 2001, and shall expire on December 31, 2001; provided however that this Contract shall automatically be extended for successive renewal terms of one (1) year each unless either party provides written notice of termination to the other party at least three (3) months prior to the commencement of any such renewal term." It is uncontested that PCS did not provide written notice in accordance with this clause.